UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ODEBRECHT-JOHNSON BROS. JOINT VENTURE AS THE BAREBOAT CHARTERER OF THE M/V RENEE IN A CAUSE OF EXONERATION FOR LIABILITY, CIVIL AND MARITIME | CIVIL ACTION<br><br>NO. 12-331<br><br>SECTION: "F" |

ORDER AND REASONS

Before the Court is Anthony Dorsey's motion to dismiss. For the reasons that follow, the motion is GRANTED.

I. Background

Odebrecht-Johnson Bros. Joint Venture filed this limitation of liability action on February 2, 2012, and this Court subsequently entered an Order Approving Limitation Bond, Directing Issuance of Notice and Enjoining Prosecution of Claims. Petitioner seeks to limit its liability with regard to claims filed against it in connection with work that one of its chartered vessels, the MV RENEE, performed on a project undertaken for the U.S. Army Corps of Engineers in Lake Pontchartrain, Louisiana, and in the canal marking the border between St. Charles and Jefferson Parishes.

One known claim is by Anthony Dorsey, who was working on the vessel, and who allegedly hurt himself on July 14, 2011. Dorsey allegedly injured his back when he attempted to move from the MV RENEE to another vessel because of a height differential of approximately five feet between the two vessels. He asserts that

in trying to move from one vessel to the other, he climbed onto a rail of the MV RENEE, and his foot slipped because the rail was wet from earlier rainfall. After he slipped, Dorsey maintains that he felt his back "pop." He alleges that he was unable to return to work on the MV RENEE because of his continuing pain.

Dorsey sued petitioner in Louisiana state court, seeking damages for his injury. Dorsey filed his state court lawsuit under the Jones Act and General Maritime Law prior to Odebrecht-Johnson Bros. Joint Venture's limitation of liability complaint with this Court, although the record does not disclose when the state court lawsuit was filed. Dorsey now moves the Court to dismiss Odebrecht-Johnson's limitation of liability complaint on the grounds that the Odebrecht-Johnson Bros. Joint Venture is not the actual owner or charterer of the MV RENEE, or, in the alternative, that the limitation of liability complaint was filed outside the applicable six month statute of limitations.

## II. Discussion

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). In deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

Anthony Dorsey seeks dismissal of this limitation of liability complaint on the ground that the petitioner, Odebrecht-Johnson Bros. Joint Venture, does not have standing to bring this action. The Court agrees. Title 46, United States Code, Section 30511, provides:

> The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within six months after a claimant gives the owner written notice of a claim.

Petitioner does not dispute the applicability of this section. Dorsey points the Court to the charter party of the MV RENEE, which agreement was made between Mobro Marine, Inc. and Odebrecht-Johnson Bros., JV. Dorsey submits documents from the Florida and Louisiana Secretaries of State to support his argument that Odebrecht-Johnson Bros. Joint Venture is distinct from Odebrecht-Johnson Bros., JV. and that the wrong entity has brought this limitation of liability action. The Louisiana documents show that the two entities have different charter

3

numbers, different registration dates, different mailing addresses in New Orleans, different report filings, different registered agents, and one entity has a listed officer, while the other does not. Petitioner does not address these glaring (and fatal) differences, but instead argues that Dorsey is trying to inject a non-issue into the case. On this record, the Court cannot agree. The submitted documents demonstrate that the two entities are not the same, and since the charter party was signed by Odebrecht-Johnson Bros., JV and not Odebrecht-Johnson Bros. Joint Venture, petitioner has failed to demonstrate that the correct party initiated the limitation of liability action.

Accordingly, IT IS ORDERED: Anthony Dorsey's motion to dismiss the limitation of liability complaint is GRANTED.

New Orleans, Louisiana, May 2, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE